UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION: 5:12-cv-171-KKC

MINNESOTA LIFE INSURANCE CO.,                                                               PLAINTIFF,

v.                                    **OPINION AND ORDER**

DEYERIF YESSENIA THOMPSON RODRIGUEZ,
a/k/a Susana Rascon, Susana Thompson, and Susana Rodriguez;
MELISSA WINKLE, as parent and guardian of SBG, a minor;
NEVA GARRISON, as parent and guardian of AG, a minor;
RUTH ANN BRIERLY, individually and as administratrix of
Steven Clint Harri son's estate; and
LARRY GARRISON,
                                                                                                 DEFENDANTS

*** *** *** **

This matter is before the Court on the Motions for Summary Judgment filed by the Defendants (DE 26, 37, 42) and by the Plaintiff Minnesota Life Insurance Co. (DE 40).

**I.      Background.**

All of the Defendants were allegedly related in some way to Steven Clint Garrison, a former employee of Amazon.com who died on August 31, 2011 (DE 1, Complaint.) Through his employment, Mr. Garrison was insured by a life insurance policy issued by the Plaintiff, Minnesota Life Insurance Co. The policy provides that, if the insured does not name a beneficiary, Minnesota Life will pay the death benefit to:

> (1) the insured's lawful spouse, if living . . . , otherwise;
> (2) the insured's natural or legally adopted child (children) in equal shares, if living, otherwise;
> (3) the insured's parents in equal shares, if living, otherwise;
> (4) the personal representative of the insured's estate.

(DE 31-1, Policy at CM-ECF p. 23.)

Mr. Garrison did not designate a beneficiary for the policy proceeds. Defendant Rodriguez asserts that she was Mr. Garrison's wife at the time of his death. The other Defendants in this matter, consisting of Mr. Garrison's estate, parents and children, assert that Rodriguez was not actually married to Mr. Garrison. For simplicity, the Court will refer to these Defendants as Mr. Garrison's estate.

Minnesota Life filed this action as an interpleader action pursuant to Federal Rule of Civil Procedure 22. It acknowledges that it owes life insurance benefits under the policy but is unsure as to whom the benefits should be paid. The Court granted Minnesota Life leave to deposit with the Court the $48,000 in benefits at issue.

Defendant Rodriguez filed a cross-claim against Mr. Garrison's estate. (DE 7.) In it she asserts that she was married to Garrison on April 22, 2011. She asks for an order directing that the policy proceeds be paid to her.

Mr. Garrison's estate filed a counterclaim against Minnesota Life and a cross-claim against Rodriguez (DE 19) asserting that the policy proceeds should be paid to Mr. Garrison's estate. The estate does not dispute that a marriage ceremony occurred between Garrison and Rodriguez but argue that, at the time of the ceremony, Rodriguez was married to someone else. The estate further argues that, even if Rodriguez was married to Mr. Garrison at the time of his death, under Kentucky law, the proceeds should be paid to the estate and then distributed to all of Garrison's heirs.

**II.     Rodriguez's Motion for Summary Judgment (DE 26).**

Rodriguez moves for summary judgment arguing that the only evidence shows that she was lawfully married to Mr. Garrison at the time of his death. As proof of the marriage, she attaches a marriage certificate which states that she and Garrison were married on April 22,

2011. (DE 26-2.) She also attaches a "Final Judgment and Decree of Annulment" entered by a Georgia state court on July 28, 1999 which annuls the marriage of Deyerif Allen and Lewis Gayle Allen. (DE 26-3.) Rodriguez submits an affidavit stating that she was married to Garrison at the time of his death and that her only prior marriage was the marriage annulled by the Georgia state court. (DE 26-5.)

On August 24, 2012, Mr. Garrison's estate responded (DE 29) that Rodriguez has used at least 12 aliases in the past and that it needed additional time to determine if she was married to someone else at the time that she allegedly married Mr. Garrison. Mr. Garrison's estate also argues that, even if Rodriguez was Garrison's spouse at the time of his death, under KRS §§ 391.010 and 391.030, the insurance proceeds should pass to the estate.

On November 20, 2012, Rodriguez renewed her motion for summary judgment (DE 37) stating that Mr. Garrison's estate had deposed her extensively but still had no evidence to support its claim that she was already married at the time she allegedly married Garrison.

Garrison's estate responded with a pleading in which it reasserted the same arguments made in response to Rodriguez's first motion for summary judgment. (DE 41). Because it is undisputed that Rodriguez married Garrison in 2011 and because Garrison's estate has produced no evidence that Rodriguez was married to someone else at the time, the Court finds that Rodriguez was Garrison's spouse at the time of his death.

The only remaining issue then is whether, despite the terms of the policy, under KRS §§ 391.010 and 391.030, the insurance proceeds should pass to Garrison's estate. KRS § 391.010 pertains to the descent of real estate owned by a person who dies intestate. KRS § 391.030 pertains to the descent of personal property belonging to a person who dies intestate. Neither of

these statutes directs the distribution of insurance policy proceeds where the policy itself states how the proceeds are to be distributed.

The policy here provides that, if the insured does not name a beneficiary, Minnesota Life will pay the death benefit to:

> (1) the insured's lawful spouse, if living . . . , otherwise;
> (2) the insured's natural or legally adopted child (children) in equal shares, if living, otherwise;
> (3) the insured's parents in equal shares, if living, otherwise;
> (4) the personal representative of the insured's estate.

(DE 31-1, Policy at CM-ECF p. 23.)

Mr. Garrison did not specify a beneficiary. Because, under the terms of the policy, the proceeds are to be paid to Garrison's lawful spouse, they do not become part of Garrison's estate. *Thacker v. Cook*, 32 S.W.2d 738, 741 (Ky. 1930); *Crittendon v. Saxon*, 32 S.W.3d 500, 501 (Ky. App. 1999).

### III. Other Motions for Summary Judgment (DE 40, 42).

The Plaintiff Minnesota Life Insurance Company has also filed a motion for summary judgment in which it requests that the Court dismiss it from this action, discharge it from any further liability under the policy at issue, and enjoin the Defendants and any other party from instituting any action against Minnesota Life "over the subject matter of this case and concerning the life insurance benefit at issue." (DE 40-1, CM-ECF p. 7.) No party has opposed the motion.

The issue that this Court has decided is the respective rights of the Defendants to the policy proceeds. Accordingly, it is appropriate in this stakeholder action to dismiss Minnesota Life as a party to this action, to discharge Minnesota Life from any further liability with regard to the distribution of the policy proceeds, and to enjoin the Defendants from instituting any action against Minnesota Life with regard to the distribution of the policy proceeds. To the extent that

this is the relief that Minnesota Life seeks, the motion will be granted. To the extent that Minnesota Life seeks a broader release, the motion will be denied. *See United States v. High Technology Products, Inc.*, 497 F.3d 637, 642-44 (6th Cir. 2007).

Minnesota Life also seeks an order allowing it 15 days from the entry date of an order granting its motion to submit an application for attorney's fees. The Court finds the requested relief is not necessary pursuant to Local Rule 54.4.

Garrison's parents and children have also filed a motion for summary judgment (DE 42) in which they seek to be released from this action. With the motion, the parents and children appear to argue that they should be dismissed from this action because the policy proceeds should not be release directly to any of them but instead to the estate. The motion is unopposed and will be granted.

### IV. Conclusion.

For these reasons, the Court hereby ORDERS as follows:

1) The Motions for Summary Judgment (DE 26, 37) filed by the Defendant Deyerif Yessenia Thompson Rodriguez are GRANTED;

2) The Motion for Leave to File Responses (DE 41) filed by Defendants Melissa Winkle; Neva Garrison; Ruth Ann Brierly, individually and as administratrix of Steven Garrison's estate; and Larry Garrison is GRANTED;

3) The unopposed Motion for Summary Judgment (DE 42) filed by Defendants Melissa Winkle, as parent and guardian of SBG, a minor; Neva Garrison, as parent and guardian of AG, a minor; Ruth Ann Brierly, individually; and Larry Garrison is GRANTED and those Defendants are DISMISSED with prejudice from this action;

4) The Court finds that Defendant Deyerif Yessenia Thompson Rodriguez was Steven Clint Garrison's lawful spouse at the time of his death and that, pursuant to the terms of the life insurance policy at issue in this case, the proceeds of the policy should be distributed to her;

5) The Motion for Summary Judgment filed by the Plaintiff Minnesota Life Insurance Company (DE 40) is GRANTED to the extent that it asks to be dismissed as a party to this action, to be discharged from any further liability with regard to the distribution of the policy proceeds, and that the Defendants be enjoined from instituting any action against Minnesota Life with regard to the distribution of the policy proceeds. The motion is otherwise DENIED.

6) Minnesota Life is DISMISSED with prejudice as a party to this action. Minnesota Life is DISCHARGED from any further liability with regard to the distribution of the policy proceeds. The Defendants are permanently ENJOINED from asserting any claim against Minnesota Life with regard to the distribution of the policy proceeds; and

7) all matters having been resolved in this action, judgment will be entered and this matter will be DISMISSED and STRICKEN from this Court's active docket.

Dated this 6th day of March, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge